UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRISTEN LEE SARNOSKI,    : | |
|                          : | CIVIL ACTION  NO. 3:12-0504 |
| Plaintiff,               : | |
|                          : | (CAPUTO, D.J.) |
|                          : | (MANNION, M.J.) |
| v.                       : | |
| LACKAWANNA COUNTY D.A.'S : | |
| OFFICE, STEPHANIE AUSTRIA and | |
| COMMONWEALTH OF          : | |
| PENNSYLVANIA,            | |
|                          : | |
| Defendants.              | |

## REPORT AND RECOMMENDATION[1]

**I.    BACKGROUND:**

Kristen Lee Sarnoski, an inmate presently confined at SCI-Muncy instituted this *pro se* civil rights action by filing a complaint. (Doc. No. 1). The complaint was brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). Named as defendants are the Lackawanna County District Attorney's Office, Stephanie Austria and the Commonwealth of Pennsylvania.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

It appears, for the following reasons, that dismissal without prejudice is appropriate because Sarnoski has not exhausted her administrative remedies, and also because she is attempting to challenge her conviction, an action that should be brought pursuant to 28 U.S.C. §2254.

First, Sarnoski brought her complaint pursuant to *Bivens, supra*. *Bivens* actions are for claims made against a federal agent for violations of a federal right, including constitutional rights. The allegations in Sarnoski's complaint do not make any allegations against any federal agent. Sarnoski's complaint is an attempt to challenge her state court conviction. Her challenge should be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

Second, in her complaint, Sarnoski admits that she currently has a pending PCRA. (Doc. No. 1 at 2).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners who have filed a §2254 habeas petition to exhaust available state court remedies with respect to every claim raised in the federal petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . ." 28 U.S.C. §2254(b)(1)(A).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Id. The exhaustion doctrine does not require prisoners to file repetitive petitions. Id. at 844 (internal citations omitted). The exhaustion doctrine has not required prisoners to raise the same issues when petitioning for collateral relief that have already been decided by direct review. Id. However, a prisoner must seek review in a state court of last resort when that court has discretionary control over its docket. Id. at 845.

28 U.S.C. §2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§2244(d)(1) and (2) provide that the one-year federal statute of limitations in a §2254 petition is tolled during direct and collateral review of a "properly filed" application in the state courts. "Properly filed" means only that petitioner filed his state petition in accordance with the state rules for filing. Artuz v. Bennett, 531 U.S. 4 (2000). The fact that the state court dismissed the state petition on procedural default grounds (other than a filing defect) is irrelevant. Id.

Although failure to exhaust administrative remedies is typically raised as an affirmative defense, district courts are authorized to sua sponte dismiss inmate complaints pursuant to §1997e(a), when failure to exhaust administrative remedies is apparent from the face of the complaint. See Pena-Ruiz v. Solorzano, 281 Fed. App'x 110, 112 n.3 (3d Cir. 2008) (not

published), see also Ray v. Kertes, 285 F.2d 287 n.5 (3d Cir. 2002).

Because Sarnoski admits in her complaint that she has a pending PCRA petition with the state, it is recommend that dismissal of her complaint, without prejudice, is appropriate so that she may consider re-filing the action as a §2254 habeas petition when her PCRA petition is fully exhausted.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED THAT,**

**(1)** Sarnoski's Motion for Leave to Proceed *in forma pauperis* without prepayment of fees be **GRANTED**, and,

**(2)** The complaint be **DISMISSED WITHOUT PREJUDICE.**


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date**: May 14, 2012
O:\shared\REPORTS\2012 Reports\12-0504-01.wpd